IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

TONY EGBUNA FORD, §
    Petitioner §
§
v. § EP-01-CA-386-DB
§ CAPITAL HABEAS
JANIE COCKRELL, Director §
Texas Department of Criminal Justice, §
Institutional Division, §
    Respondent §

## MEMORANDUM OPINION AND ORDER GRANTING, IN PART, AND DENYING, IN PART, PETITIONER'S UNOPPOSED MOTION FOR APPOINTMENT OF COUNSEL AND SCHEDULING FILINGS

On this day the Court considered Petitioner Tony Egbuna Ford's ("Petitioner") Unopposed Motion for Appointment of Counsel, filed on October 23, 2001, pursuant to Title 21 U.S.C. § 848(q) in this Title 28 U.S.C. § 2254 capital habeas action.

### Facts & Procedural History

Briefly, by way of background, on July 12, 1993, Petitioner was convicted of one count of Capital Murder and three counts of Attempted Murder by a jury in the 346th District Court of El Paso County, Texas ("state trial court"). On July 13, 1993, the state trial court entered a sentence of death as to Petitioner's conviction for Capital Murder and three life-sentences for the Attempted Murder convictions. An automatic appeal followed, whereupon the Texas Court of Criminal Appeals, on February 21, 1996, upheld the conviction and sentence and later denied a Motion for Rehearing on April 3, 1996.

Over a year later, on May 8, 1997, the Texas Court of Criminal Appeals appointed attorney Patrick S. Metze as Petitioner's state habeas attorney. On February 2, 1998, Petitioner



filed his State Application for Writ of Habeas Corpus ("State Application") in the state trial court. Years later, on February 8, 2001, the State filed its Answer, and on March 14, 2001, the State submitted its Proposed Findings of Fact and Conclusions of Law. The next day, the state trial court signed an Order adopting the State's Proposed Findings of Fact and Conclusions of Law. Shortly thereafter, Petitioner objected to the state trial court's ruling based on the alleged lack of due process and the State's late filing. On September 17, 2001, the Texas Court of Criminal Appeals denied Petitioner's State Application.

Based on this denial, Petitioner seeks relief from this Court by way of an Application for Writ of Habeas Corpus by a Person in State Custody ("Federal Application") pursuant to Title 28 U.S.C. § 2254. Petitioner has filed several Motions with this Court. Among them, the instant Motion wherein he requests the appointment of counsel. More specifically, the instant Motion is for the appointment of one Michael B. Charlton as first chair, and Petitioner's state habeas attorney, Patrick S. Metze, as second chair. In the Motion, Petitioner recites, in brief terms, the qualifications of each attorney seeking the appointment.

In an effort to supplement the information provided, the Court contacted the above-named attorneys to inquire about the specific details of their qualifications and for copies of their resumes. In response, attorney Metze informed the Court that this would be his first federal habeas action, but he expressed interest in the appointment based on his extensive knowledge of the state court proceedings and genuine concern about Petitioner and his case. Attorney Charlton provided a brief resume that shows that he has been Board Certified in Criminal Law since 1980. He is the author of Volume VI of the Texas Criminal Practice Series Guide, which discusses the Texas Penal Code, and he has been engaged in death penalty

2

representation since 1982 at all levels, including trials, direct appeals and habeas corpus proceedings. Subsequently, the Court inquired about the availability of a well-qualified and seasoned federal habeas attorney, one Richard Burr. Attorney Burr expressed interest in representing Petitioner and said, if asked, he would accept the appointment.

Lastly, the Court notes that the state trial court has not set an execution date for Petitioner.

## Discussion

An indigent capital petitioner, like Petitioner, has a right to the appointment of qualified counsel to aid his preparation and prosecution of an application for a writ of habeas corpus. 21 U.S.C. § 848(q); *McFarland v. Scott*, 512 U.S. 849, 854-59, 114 S. Ct. 2568, 2573-74, 129 L. Ed. 2d 666 (1994). Having reviewed the instant Motion and having considered the additional information acquired through the Court's inquiry, the Court finds that Petitioner is entitled to have counsel appointed to represent him in this cause and, for that purpose, will appoint attorney Richard Burr as Petitioner's primary counsel in this federal habeas corpus proceeding. Furthermore, the Court will appoint Michael B. Charlton as co-counsel for the purpose of assisting attorney Richard Burr in his representation of Petitioner. The Court further finds that while attorney Patrick Metze requests to be appointed for commendable reasons, pursuant to Title 21 U.S.C. § 848(q)(6), he is not qualified to appear as appointed counsel in this cause, given his lack of experience in federal court and in federal habeas matters. Therefore, after due consideration, the Court is of the opinion that Petitioner's Motion should be granted with respect to the appointment of counsel, generally, but denied with respect to the appointment of attorney Michael B. Charlton as first chair and attorney Patrick Metze as second chair.

The Court is aware that representation will entail sacrifice by these attorneys as they will be paid below prevailing rates given the sentence imposed upon their client. Both attorneys are advised, however, that the Court will review each of their requests for reimbursement of expenses and hourly billing statements carefully. The Court reserves the right to reduce those requests in the event the Court determines that the fee rates requested or the hour charged are unreasonable under prevailing rates in the El Paso area for attorneys of similar qualifications performing similar work.

Accordingly, **IT IS HEREBY ORDERED** that:

1. <u>Attorneys</u> -- Attorney Richard Burr, whose mailing address is Burr & Welch, 1630 Castle Court, Ste. A, Houston, Texas, 77006, and whose telephone number is (713) 523-2299, is appointed as chief counsel of record for Petitioner herein; and attorney Michael B. Charlton, whose mailing address is 1744 Norfolk, Houston, Texas, 77098, and whose telephone number is (713) 572-2333, is appointed co-counsel. The Clerk shall send counsel all forms and vouchers necessary to permit said counsel to comply with all requirements for obtaining monthly reimbursement for expenses and payment for services rendered in connection with this cause. Each of Petitioner's attorneys shall submit, in a timely manner, all necessary documentation to support their requests for monthly interim payments of fees and expenses to the Clerk of this Court. Petitioner's counsel are advised that the Court expects said counsel to coordinate their efforts to represent Petitioner herein and to avoid any unnecessary duplication of effort in the course of their joint representation of Petitioner.

2. <u>Habeas Application</u> -- Petitioner shall have until the time designated by the statute of limitations to file a finalized Federal Application for Writ of Habeas Corpus by a Person in

State Custody ("Federal Application") that includes every possible constitutional error or deprivation entitling Petitioner to habeas relief. Because the Petitioner will commence this proceeding after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applies to his case. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1991). Under Title 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, an application for habeas corpus relief must be filed within one year "of the date on which the judgment became final by the conclusion of direct review."

Petitioner is further advised that, pursuant to Title 28 U.S.C. § 2244 he may not file a second or successive habeas petition in this Court without prior authorization from the United States Court of Appeals for the Fifth Circuit. Under section 2244(b)(3)(C), the grounds for obtaining such authorization are extremely limited. Consequently, it is incumbent upon Petitioner to raise all known claims in the finalized Federal Application.

Moreover, the Federal Application shall set forth, in clear and concise fashion, the legal and factual basis for each ground for relief. The factual basis shall include full citations to the appropriate portions of the record. Additionally, the Federal Application shall specifically state when and where each ground for relief was raised in state courts.

3.  <u>Answer</u> -- Respondent shall file his answer to Petitioner's Federal Application or other responsive pleading on or before sixty days after receipt of a copy of Petitioner's finalized federal habeas petition. Respondent's answer or other responsive pleading shall conform to the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 12 of the Federal Rules of Civil Procedure.

Respondent shall serve each of Petitioner's counsel of record with a copy of said answer or other responsive pleading in accordance with the provisions of Rule 5(b), Federal Rules of Civil Procedure.

4.  <u>Exhaustion and Procedural Bar Issues</u> -- Respondent shall clearly and directly respond to the issue of whether Petitioner has exhausted available state remedies with regard to each of the grounds for federal habeas corpus relief set forth in Petitioner's pleadings filed in this cause as of this date. If Respondent denies that Petitioner has exhausted available state remedies with regard to each ground for federal habeas relief set forth in Petitioner's pleadings herein, Respondent shall explain, in detail, those state remedies still available to Petitioner with regard to each unexhausted claim. In the event that Respondent wishes to assert the defense that the Petitioner has procedurally defaulted on any claim for relief contained in Petitioner's federal habeas corpus petition, Respondent shall explicitly assert that defense and identify with specificity which of the Petitioner's claims the Respondent contends are procedurally barred from consideration by this Court.

5.  <u>Abuse of the Writ</u> -- In the event that Respondent wishes to assert the defense that the Petitioner has abused the writ, Respondent shall explicitly assert that defense and identify with specificity which of the Petitioner's claims herein either were included in a prior federal habeas corpus petition by Petitioner or could, with the exercise of diligence on Petitioner's part, have been included in an earlier federal habeas petition by Petitioner.

6.  <u>Second or Successive Petition</u> -- In the event that the Respondent wishes to assert the defense that this is a second or successive petition filed by Petitioner attacking the

same state criminal proceeding and that Petitioner has failed to comply with the requirements of Title 28 U.S.C. § 2244, the Respondent shall explicitly assert that defense.

7.  <u>Limitations</u> -- In the event that Respondent wishes to assert the defense that the Petitioner has failed to file this federal habeas corpus action within the one-year statute of limitations set forth in Title 28 U.S.C. § 2244(d), Respondent shall explicitly assert that defense and identify with specificity the date on which the one-year limitations period began to run and all time periods during which that limitations period was tolled.

8.  <u>State Court Records</u> -- On or before thirty days after the date Respondent files his answer or other responsive pleading in this cause, Respondent shall submit to the Clerk of this Court true and correct copies of all pertinent state court records from Petitioner's state court proceedings.

9.  <u>Petitioner's Reply</u> -- On or before twenty days after the date Respondent serves Petitioner's counsel of record with a copy of Respondent's answer or other responsive pleading, Petitioner shall file with the Clerk of this Court and serve on Respondent's counsel of record any reply he wishes to make to Respondent's answer or other responsive pleading.

10. <u>Extensions</u> -- Any party seeking an extension on any of the foregoing deadlines shall file a written motion requesting such extension <u>prior</u> to the expiration of the deadline in question and shall set forth in such motion a detailed description of the reasons why that party, despite the exercise of due diligence, will be unable to comply with that deadline.

11. <u>Mailing by Clerk</u> -- The Clerk shall send a copy of this Order to Petitioner and his attorneys of record. The Clerk shall also send a copy of this Order to the Capital Litigation Division of the Office of the Texas Attorney General, Attention: Charles Palmer, at

P.O. Box 12548, Austin, Texas, 79711, and to attorney Patrick Metze whose mailing address is 916 Main Street, Suite 103, Lubbock, Texas 79401.

**SIGNED** on this **30th** day of **November, 2001**.

_____
THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE