IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2002 AUG 16 PM 4: 25
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
        DEPUTY

| | |
|---|---|
| TONY EGBUNA FORD, § | |
| SID# 04605730, TDCJ# 00999075, § | |
|    Petitioner § | |
| § | |
| v. § | EP-01-CA-386-DB |
| § | CAPITAL HABEAS |
| JANIE COCKRELL, Director, § | |
| Texas Department of Criminal Justice, § | |
| Institutional Division, § | |
|    Respondent § | |

## MEMORANDUM OPINION AND ORDER GRANTING PETITIONER'S MOTION FOR PERMISSION TO RETAIN EXPERT ASSISTANCE AND ORDERING RESPONDENT TO PRODUCE EIGHT PHOTOGRAPHS

On this day the Court considered Petitioner Tony Egbuna Ford's Motion For Permission to Retain Expert Assistance ("Motion"), filed in the above-captioned cause on June 28, 2002, Respondent Cockrell's Response to Petitioner's Motion for Permission to Obtain Expert Assistance ("Response") filed July 12, 2002 and Petitioner's Application for Writ of Habeas Corpus by a Person in State Custody ("federal habeas application") filed pursuant to 28 U.S.C. § 2254 on July 25, 2002.

### Background

On December 18, 1991, the Murillo family, a mother and her three children, was at home getting ready to go Christmas shopping after having attended their cousin's Christmas play. Shortly after they got home, there was a knock at the door. At the door, were two African-American men who asked to speak to the "man of the house." Myra Concepcion Murillo, the mother, denied the two men entry into her home. The men then forced their way into the home causing "lot[s] of noise, racket, like somebody kicking wood" causing the mother and her son, 18-year old Armando

Murillo, to retreat into the hallway. Eventually, the two men made the entire family kneel on the floor while they were questioned about the whereabouts of the "man of the house," jewelry, money, other valuables and car keys.

One of the daughters, Lisa Murillo, responded to their demands by throwing the car keys at the man allegedly identified as Petitioner. The man then became angry and said, "fuck you, just for that, I was just going to blow him (Armando). Now I'm going to fucking blow you all." The man then proceeded to shoot Armando in the back of the head several times and then shot the mother in the head, shot Lisa in the shoulder and shot, but missed daughter Myra Magdalena who feigned injury.

The two surviving sisters identified Petitioner as the murderer after his arrest and then testified at trial that Petitioner killed Armando and attempted to kill them along with their mother. Petitioner pled not guilty at his arraignment and at trial. At trial, Petitioner testified that he was not involved in the home break-in, that he was sitting outside in the vehicle driven by the assailants to the victims' house and that he did not know that the assailants planned to break-in to the house and to kill people. On July 9, 1993, Petitioner was convicted of capital murder in the 346th District Court of El Paso County, Texas and sentenced to death.

## Discussion

The issue before the Court is whether it is reasonably necessary for Petitioner to have Dr. Roy Malpass of the University of Texas at El Paso, a nationally recognized expert on eyewitness identification, assist him in this case. Petitioner's request for expert assistance was filed pursuant to 21 U.S.C. § 848. The most pertinent provision of § 848(q) provides as follows:

> (9)  Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court

> may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under paragraph (10).

21 U.S.C.A. § 848(q)(9) (West 1999). In other words, federal courts are authorized by statute to provide investigative and expert assistance to petitioners in capital habeas cases and "need only show indigence and that the services requested are 'reasonably necessary.'" *See Fuller v. Johnson*, 114 F.3d 491, 501-02 (5th Cir.), *cert denied*, 522 U.S. 963, 118 S.Ct. 399, 139 L. Ed. 2d 312 (1997).

In construing what is "reasonably necessary," a federal court must be informed "of the constitutional claims necessitating representation in the first place. Without such information, the Court is hamstrung in its ability to determine the reasonable necessity of the requested assistance. *Bradford v. Johnson*, 162 F. Supp. 2d 578, 580 (N. D. Tex. 2001); *see Fuller*, 114 F.3d at 502 (denying petitioner's request for forensic psychiatrists and pathologists because petitioner was procedurally barred for failing to raise forensic issues, connected to the request, at trial or direct appeal). "Even where a petitioner has established a nexus between the investigative or expert services and habeas claims of a constitutional dimension, some courts have refused to sanction funding where the claims or proposed claims are procedurally barred or where the claim itself would be futile." *Id.* (citing *Fuller*, 114 F.3d at 502); *see Clark v. Johnson*, 202 F.3d 760, 768 (5th Cir. 2000)(denying petitioner's request for expert assistance of a forensic pathologist to refute state pathologist because it would have been futile because the state pathologist's "conclusions had been independently established by other evidence and testimony").

In his Motion, Petitioner requests that Dr. Roy Malpass be appointed to assist him in this case. Petitioner seeks Dr. Malpass's assistance in three respects: 1) to demonstrate that Mexican-Americans are highly likely to misidentify African-Americans; 2) to conduct a study of the

photospread actually used in the case to determine the likelihood of the risk of misidentification; and 3)to conduct a similarity study between the book-in photos of Petitioner and that of Victor Belton, who is the person that Petitioner has always claimed was the shooter in the instant case, to ascertain the degree to which they may be mistaken for each other. Petitioner also asks that a favorable ruling require Respondent to produce exact duplicates of eight photographs so that Dr. Malpass may conduct the studies with the best evidence available.

In her Response, Respondent contends that the appointment of Dr. Malpass is not reasonably necessary as required under 21 U.S.C. § 848(q)(9) because Petitioner had not yet filed his federal habeas application, at the time the Response was filed, to connect his request with a constitutional claim. Moreover, Respondent avers that any request made in connection to an ineffective assistance of counsel claim should be denied as futile because even if the studies are favorable relief is not warranted because the trial court ultimately had discretion to deny any request by counsel and because the law of parties negates any finding that Petitioner was prejudiced by counsel's performance at trial. Respondent did not contest the instant request on the basis of indigency or out of procedurally bar concerns.

When Respondent filed her Response, the facts were scant and Petitioner's claims were non-existent which strongly suggested that the request was premature and should be denied as there was no connection between the request and a viable constitutional claim. However, in the interim, Petitioner has filed his federal habeas application listing claims that are connected to the instant request for expert assistance. In his federal habeas application, Petitioner claims that Dr. Malpass's studies show that the trial court's denial of the request for expert assistance at trial violated his due process rights and that trial counsel violated the Sixth Amendment by not making

4

additional arguments in support of having Dr. Malpass testify at the trial. Specifically, Petitioner argues that Dr. Malpass's services support the referenced claims in two ways. First, Dr. Malpass's studies would have shown how unreliable eyewitness testimony is in general and how unreliable the sisters's testimony was at trial which was central to the State's case in light of weak physical proof and circumstantial evidence. Petitioner specifically explains that cross-racial identification, presence of weapons, order that identification pictures were presented to eyewitnesses and certainty of identifying witnesses are all factors considered in Dr. Malpass's studies that could help the Court understand the facts in this case and consequently, his claims. Second, his studies would have shown how the sisters could have confused Petitioner with Victor Belton who actually murdered Armando and injured Mrs. Murillo and Lisa. All told, the federal habeas application attempts to show how these studies support his claims that the trial court erred in denying Dr. Malpass's expert assistance at trial in violation of the Due Process Clause and the defense counsel was ineffective for not making additional arguments to the trial court despite an opportunity to do so and letting the trial court assume that the District Attorney's representations of the applicable law were accurate.

Even though Petitioner has shown the relevance between the request and his claims, the request must still be reasonably necessary in light of procedural bar and futility concerns. Respondent does not challenge Petitioner's request on the basis of procedural defect. Based on the scant record and Respondent's tacit acknowledgment that Petitioner has exhausted his state court remedies as to the claims related to expert assistance, the request is reasonably necessary procedurally. The issue involving futility is more complicated. Respondent's initial allegation that the request is not reasonably necessary because defense counsel could not have done more since the decision on expert assistance was ultimately for the trial court has been refuted by Petitioner in his

federal habeas application. Without comment as to whether any claims will have merit in the end, Petitioner does provide an explanation as to how defense counsel could have done more to get the expert assistance and how Petitioner would have benefitted had defense counsel had Dr. Malpass's studies to work with at trial. Moreover, Respondent also says that the request is not reasonably necessary because Petitioner could be convicted of the same crime under the Texas law of parties which holds one person responsible for assisting another in the commission of a crime since he "was in league with the other assailants". *See Green v. Johnson,* 160 F.3d 1029, 1037 n.5 (5th Cir. 1998). When Respondent made this argument, he was responding to an assumed claim of ineffective assistance of counsel that does not exist. Respondent was trying to negate that Petitioner could ever show that he was prejudiced by counsel's failure to call an identification expert. Petitioner's claims are not what Respondent fairly assumed they would be, at the time, but the Court must discount the objection as it will not engage in framing Respondent's law of parties objection as it might apply in the present context.

The Court finds that Petitioner is indigent without dispute. The Court also finds that Petitioner has demonstrated that Dr. Malpass's assistance is reasonably necessary given that his studies could shed light as to whether trial counsel erred at trial regarding the request and whether Petitioner's right to a fair trial were jeopardized when the trial court denied his request for the appointment of Dr. Malpass at trial. The Court further finds that $7,500.00 is reasonable compensation for Dr. Malpass's 7-day services because Petitioner did not justify certification for an amount above the statutory amount in § 848(q)(10)(B) or for the $8,400.00 requested. The Court finally finds that the photographs, marked 182090, 254835, 246835, 233733, 161308 and Petitioner's pictures that are in the El Paso District Attorney's Office, are to be produced by

Respondent within 20 days of entry of this Order. Respondent should also produce the book-in photographs of Victor Belton and Petitioner. Therefore, Petitioner's Motion shall be granted as to expert assistance and production of photographs, but the expert will be paid $7,500 rather than $8,400.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion For Permission to Retain Expert Assistance is **GRANTED.**

**IT IS FURTHER ORDERED** that Dr. Roy Malpass of the University of Texas at El Paso, a nationally recognized expert on eyewitness identification, be appointed as an **EXPERT** to assist Petitioner and his counsel prepare an amended federal habeas application.

**IT IS FURTHER ORDERED** that Dr. Roy Malpass be paid **$7,500.00**. Dr. Roy Malpass shall submit all necessary documentation to support his requests for monthly interim payments of fees and expenses to the Clerk of this Court in a timely manner. He is further advised that the Court expects said expert to coordinate his efforts with counsel and to avoid any unnecessary effort in the course of assisting Petitioner.

**IT IS FURTHER ORDERED** that **RESPONDENT JANIE COCKRELL** produce, **within 20 days of entry of this Order**, eight photographs requested by Petitioner to conduct the studies. They are: 1) the six photographs, marked 182090, 254835, 246835, 233733, 161308 and Petitioner's pictures that are in the El Paso District Attorney's Office; and 2) book-in photographs of Petitioner and Victor Belton.

**IT IS FURTHER ORDERED** that the **CLERK OF THE COURT** send Petitioner's counsel all forms and vouchers necessary to permit said expert to assist and to comply with all

requirements for obtaining monthly reimbursement for payment of expert services rendered in connection with this cause. The Clerk shall note the $7,500.00 cap for services provided by said expert.

**IT IS FINALLY ORDERED** that the **CLERK OF THE COURT** send copies of this Order to both parties by facsimile and certified mail, return receipt requested. The faxes should be sent to Petitioner's counsel, Richard Burr, at 877-682-4860 and Respondent's counsel, Charles Palmer - Assistant Attorney General, at 512-463-2080.

SIGNED this **16th** day of **August, 2002.**

THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE